UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ROBERT SMITH,

        Plaintiff,                    ORDER

    - against -                     12 CV 3447 (ILG) (VVP)

RMS RESIDENTIAL PROPERTIES, LLC,

        Defendant.
------------------------------------------------------x
GLASSER, Senior United States District Judge:

        Plaintiff Robert Smith ("plaintiff") filed this action in the Supreme Court of the State of New York, County of Queens on December 14, 2011, and defendant RMS Residential Properties, LLC ("defendant") removed the case to federal court on July 11, 2012. Dkt. No. 1. On October 10, 2012, plaintiff moved to remand the case to state court. Dkt. No. 4. Plaintiff argues that defendant's removal was time barred because 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action be filed within 30 days of service, so defendant's Petition for Removal was more than five months late. Id. However, 28 U.S.C. § 1447(c) requires that a motion to remand "must be made within 30 days after the filing of the notice of removal," so plaintiff's own motion is nearly two months late.

        Both parties offer a litany of excuses for their tardiness. Plaintiff claims that he was confused about whether the case had actually been removed to federal court because it still appeared on the state court calendar. Dkt. No. 4. This is implausible because plaintiff was served with the Petition for Removal and the case was docketed in federal court on October 11, 2012. Defendant argues, more plausibly, that it was not aware that plaintiff's lawsuit satisfied the amount in controversy requirement of 28

1

U.S.C. § 1332(a) until plaintiff submitted its Bill of Particulars on June 14, 2012.  Dkt. No. 8.

The Second Circuit has adopted a "bright line rule": "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."  Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010).[1]  Since defendant did not receive the Bill of Particulars until June 14, 2012 and filed the Notice of Removal in federal court on July 12, 2012,  Dkt. No. 8, defendant has satisfied the thirty day time limit of  28 U.S.C. § 1446(b).  Accordingly, plaintiff's motion is DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         November 29, 2012

                                        /s/ ILG
                                        I. Leo Glasser
                                        Senior United States District Judge

---

[1] Astonishingly, neither party cites to this case.