UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ROBERT SMITH,

        Plaintiff,                    MEMORANDUM AND ORDER

    - against -                        12 CV 3447 (ILG) (VVP)

RMS RESIDENTIAL PROPERTIES, LLC,

        Defendant.
------------------------------------------------------x
GLASSER, United States District Judge:

Plaintiff Robert Smith brings this action against RMS Residential Properties, LLC ("RMS" or "defendant"), alleging that he was injured because defendant negligently maintained its property. Currently before the Court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is hereby GRANTED.

## BACKGROUND

### I.    Facts

Unless otherwise noted, the following facts are undisputed.[1] Michelina Evangelisti began living at 22-20 127th Street, College Point in Queens, New York when she got married in 1954. Def.'s Ex. C ("Evangelisti Dep.") at 11 (Dkt. No. 25-3). She obtained title to the house in 1981 or 1982 after she and her husband divorced. Id. at 14-17. In June 2005, after refinancing the house several times, Evangelisti stopped making

---

[1] Defendant fails to comply with Local Civil Rule 56.1(a), which requires a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Although "[f]ailure to submit such a statement may constitute grounds for denial of the motion," id., the Court, in its discretion, overlooks defendant's failure and will not deny the motion on these grounds. Mays v. Lane, No. 10 Civ. 4810, 2012 WL 2395155, at *2 (E.D.N.Y. June 25, 2012) (citing Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001)).

1

mortgage payments.  Id. at 18, 35-36.  In 2008, the property was subject to foreclosure and RMS purchased it at an auction.  Def.'s Ex. E.

After obtaining title to the property, RMS retained Brighton Real Estate Services LLC ("Brighton") as third-party manager of the property.  Def.'s Ex. D at 12, 23.  Brighton, in turn, retained Island Advantage Realty LLC ("Island Advantage") on April 29, 2008 to sell the property.  Def.'s Ex. F ("Yovino Dep.") at 9-10.  However, Island Advantage determined that the property was occupied and "[t]he occupants refused to speak to anyone," so Island Advantage was "unable to list it for sale because there was no access."  Id. at 17-18, 21, 33-34.  Therefore, Island Advantage monitored the exterior of the property but was unable to conduct an interior inspection.  Id. at 21-24.  RMS later discovered that the property was occupied by Evangelisti, her adult daughter, her tenant Marguerite Lizzotte, and Lizzotte's daughter.  Evangelisti Dep. at 9-10, 45-47, 63-64.[2]

On August 8, 2008, RMS served ten day notices to quit occupying the property on Evangelisti, the Lizzottes, and "all other occupants."  Def.'s Ex. G at 22-26.  RMS then started eviction proceedings on August 26, 2008 by filling a Notice of Petition Holdover in Civil Court in Queens County.  Id. at 1-6.  Although a hearing was held on September 11, 2008 and Evangelisti received several eviction notices, she did not leave the property until late 2011 or early 2012.  Id.; Evangelisti Dep. at 43-45; Yovino Dep. at 18-21; Def.'s

---

[2] Evangelisti's son also appears to have lived in the house for some period of time.  Id. at 65-66.

Ex. H.³  RMS sold the property through Island Advantage on March 15, 2012.  Yovino Dep. at 14.

On August 5, 2011, while Evangelisti was still living at 22-20 127th Street, Smith came to visit.  Evangelisti Dep. at 61-62, 70.  At this time, the bathroom ceiling was visibly leaking near the light fixture such that Evangelisti was afraid to use the light.  Id. at 69-72.  When Smith was in the bathroom, the light fixture fell on his shoulder and neck causing injuries that required medical attention.  Id. at 82-86.

## II.  Procedural History

Smith initiated this action in the Supreme Court of the State of New York, County of Queens on October 11, 2011, and RMS removed the case to federal court based on diversity jurisdiction on July 12, 2012.  Dkt. No. 1.  On October 10, 2012, Smith moved to remand the case to state court, which the Court denied on November 29, 2012.  Dkt. Nos. 4, 12.  RMS requested leave to file a third-party complaint against Evangelisti on November 15, 2012, which the Court granted on December 26, 2012.  Dkt. Nos. 9, 13.  RMS filed the third-party complaint on January 3, 2013 and Evangelisti has not yet responded.  Dkt. No. 14.

On June 11, 2013, RMS moved for summary judgment arguing that as an out-of-possession owner, it cannot be held liable for Smith's injuries.  Def.'s Mem. (Dkt. No. 25).  Smith filed his opposition on July 12, 2013, and RMS filed its reply on July 26, 2013.  Pl.'s Opp'n (Dkt. No. 28); Def.'s Reply (Dkt. No. 29).

## DISCUSSION

---

³ Evangelisti may have attempted to settle these proceedings out of court during this time period, but it is unclear whether any settlement negotiations actually happened.  Evangelisti Dep. at 58-60, 67-69.  The delay may also have been due to legal protections afforded to Evangelisti's daughter for her mental illness.  Id. at 52-55.

**I. Legal Standards**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010) (quotation omitted).

The moving party bears the burden of establishing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A court deciding a motion for summary judgment must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011) (quotation omitted). When the burden of proof at trial would fall on the non-moving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the non-movant's claim. Celotex, 477 U.S. at 322-23. To defeat a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)), and cannot "rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (quotation omitted).

**II. Premises Liability**

"Premises liability, as with liability for negligence generally, begins with duty." Alnashmi v. Certified Analytical Grp., Inc., 89 A.D.3d 10, 13, 929 N.Y.S.2d 620 (2d Dep't

2011) (citations omitted).[4] Under New York law, the landowner's duty to maintain the premises in a reasonably safe condition depends on the extent of his or her control. See id. at 14-18. An out-of-possession landlord, with a limited right to reenter, can "only be liable for negligence based on a significant structural or design defect that is contrary to a specific statutory safety provision." Drotar v. 60 Sweet Thing, Inc., 964 N.Y.S.2d 150, 152 (1st Dep't 2013) (quotation omitted). It is the owner's burden to make a prima facie showing that it qualifies as an out-of-possession landlord. Danielson v. Jameco Operating Corp., 800 N.Y.S.2d 421, 423 (2d Dep't 2005). In addition, the owner bears the burden of "showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it." Newsome v. Artale, No. 09 Civ. 10196(LMM), 2011 WL 5172543, at *2 (S.D.N.Y. Nov. 1, 2011) (quoting Birnbaum v. N.Y. Racing Assoc., Inc., 869 N.Y.S.2d 222, 223 (2d Dep't 2008)).

There is no genuine dispute that RMS was not in possession or control of 22-20 127th Street on August 5, 2011, and there is no evidence in the record of any contractual relationship between RMS and Evangelisti. See Richardson v. Yasuda Bank & Trust Co. (USA), 772 N.Y.S.2d 595, 595 (1st Dep't 2004) (finding that defendants "met their prima facie burden of demonstrating their status as out-of-possession owners" because eviction proceedings after foreclosure sale "had been commenced and were pending"). Moreover, there is no genuine dispute that RMS did not have actual or constructive notice of the water damage because it could not access the interior of the house. Yovino Dep. at 23-24, 33-34. Although plaintiff invokes New York Multiple Dwelling Law § 78,

---

[4] Because this is a diversity case, New York law applies. See, e.g., Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941).

which requires that "[e]very multiple dwelling, including its roof or roofs, and every part thereof and the lot upon which it is situated, shall be kept in good repair," "an owner will not be held liable under section 78 where it has completely parted with possession and control of the building." Worth Distribs., Inc. v. Latham, 451 N.E.2d 193, 195 (N.Y. 1983).[5]  In sum, RMS had no duty to maintain or repair the property and, therefore, cannot be held liable for Smith's injuries.  Accordingly, defendant's motion is granted.

## CONCLUSION

For all of the foregoing reasons, defendant's motion is hereby GRANTED.

SO ORDERED.

Dated:	Brooklyn, New York
	August 29, 2013

                                                         /s/ ILG
                                          I. Leo Glasser
                                          Senior United States District Judge

---

[5] Moreover, it is unclear if section 78 applies to this property, since a "multiple dwelling" must be "occupied as the residence or home of three or more families living independently of each other."  N.Y. Mult. Dwell. Law § 7.